DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of two counts of forgery and one count of grand theft and sentenced him to a term of incarceration. For the reasons that follow, this court reverses the judgment of the trial court as to the imposition of consecutive sentences.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "The trial court failed to make the necessary determinations required by law at the sentencing of the appellant to a consecutive prison term therefore making the sentence contrary to law."
 {¶ 4} On July 24, 2003, appellant entered no contest pleas to two charges of forgery in violation of R.C. 2913.31(A)(3) and one charge of grand theft in violation of R.C. 2913.02(A)(3) and (B)(2). The trial court accepted appellant's plea and found him guilty. On September 4, 2003, the trial court ordered appellant to serve two concurrent sentences of 10 months each on the forgery convictions and a consecutive sentence of 15 months on the theft conviction.
 {¶ 5} On appeal, appellant asserts the trial court failed to make the findings necessary for imposing consecutive sentences under R.C. 2929.14(E)(4) and that his sentence is therefore invalid.
 {¶ 6} A trial court may not impose consecutive sentences for multiple offenses unless it finds the existence of three factors set forth in R.C. 2929.14(E)(4) . Pursuant to that statute, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to those two findings, the trial court must also find one of the following: the offender committed the multiple offenses while awaiting trial or sentencing, while under a sanction imposed, or while under post-release control for a prior offense; the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct; or the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a) through (c).
 {¶ 7} Further, when imposing consecutive sentences, the trial court must comply with R.C. 2929.19(B), which governs the sentencing hearing. R.C. 2929.19(B)(2)(c) provides that the sentencing court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed * * * if it imposes consecutive sentences under [R.C.]2929.14."
 {¶ 8} Pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the trial court must make these findings orally at the sentencing hearing and must give its reasons in support of the findings at the hearing.
 {¶ 9} At appellant's sentencing hearing, the trial court stated it had considered the principles and purposes of sentencing set forth in R.C. 2929.11. The trial court found that appellant was not amenable to community control and that a prison sentence is consistent with the purposes of sentencing set forth in R.C. 2929.11.
 {¶ 10} Upon review of the record of proceedings in this case, we find that the trial court did not make the mandatory findings set forth in the relevant statutes as cited above or give sufficient reasons for imposing the consecutive sentences at the sentencing hearing or in its sentencing judgment entry. Neither the sentencing transcript nor the sentencing judgment entry contain findings pursuant to R.C. 2929.14(E)(4) that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Further, the trial court failed to find the existence of one of the factors listed in R.C. 2929.14(E)(4)(a) through (c).
 {¶ 11} As to stating its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c), the trial court noted appellant had five prior felony convictions and had served a period of incarceration. However, the trial court did not specify how or why those factors led to its decision to order consecutive sentences.
 {¶ 12} Based on the foregoing, we find that the trial court failed to comply with the requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) for the imposition of consecutive sentences and, accordingly, appellant's sole assignment of error is well-taken.
 {¶ 13} On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed and remanded to the trial court for resentencing in accordance with this decision and the applicable law. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against it on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.